E-FILED
Tuesday, 28 February, 2012  03:12:59 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| BETTY DEAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DUNLAP COMMUNITY UNIT )<br>SCHOOL DISTRICT #323, )<br>JAY MARINO AND LISA PARKER, )<br>)<br>Defendants. | Case No.: 11-CV-1194 |

## ORDER

On November 7, 2011, a Report and Recommendation [#10] was filed by United States Magistrate Judge Byron C. Cudmore in the above captioned case recommending the Defendant's Motion to Dismiss be allowed in part. Defendants filed timely objections to the Report and Recommendation [#11]. For the reasons set forth below the Court adopts the Report and Recommendation [#10].

### Discussion

A district court reviews *de novo* any portion of a magistrate judge's report and recommendation to which written objections have been made. See Fed. R. Civ. P. 72(b). "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.

The report and recommendation sufficiently sets forth the pertinent facts pertaining to this case. However as a brief review, Plaintiff was a bus driver employed by Dunlap Community Unit School District #323. Plaintiff entered into an employment contract with the school district for the 2010-11 year on May 26, 2010. During the school year, Plaintiff experienced

disciplinary problems with a number of students changing seats on her bus while the bus was moving.  Because the students refused to listen to her, she performed a "controlled stop", in which she drove the school bus at approximately 5 miles per hour then abruptly stopped in order to demonstrate to the students the amount of force from the stop presumably with the thought that it mimicked a danger the students might encounter.  The District's Director of Transportation saw the controlled stop and knew that another driver had performed a similar act two weeks earlier.  The Director later told Plaintiff that a student on the bus at the time of the controlled stop was hemophiliac and was injured during the exercise.  Plaintiff states she did not know of the student's condition.  Three days later, on October 1, 2010 the Assistant Superintendent for the District placed Plaintiff on administrative leave pending an investigation.  Approximately one week later, the Assistant Superintendent met with Plaintiff and gave her an ultimatum, either resign or be fired and have her unemployment benefits contested by the District.  Plaintiff resigned that same day.

Plaintiff later consulted an attorney and after doing so, wrote the Assistant Superintendent informing her that she wished to withdraw her resignation because her attorney advised her that she was not eligible for unemployment benefits.  She also insisted that the District perform its duties under her original employment contract.  On October 13, Plaintiff's attorney sent a letter to the District demanding performance of her employment contract or in the alternative, a hearing.  The District's attorney responded with a letter informing them that no hearing was required and the resignation was effective upon receipt.

## Analysis

Defendants' first objection is the finding that Plaintiff has sufficiently alleged a constitutionally protected property interest in her employment.  The crux of the objection here is

that Plaintiff's contract with the school district did not create a property interest protected by the Fourteenth Amendment, no adverse actions was taken against her without due process and that the school assistant superintendent was not a policy maker for purposes of 42 U.S.C. §1983.

Defendants first argue that for an employee to have a constitutionally protected interest in continued employment, that employment must be "created and defined by an independent source, such as a state law or a contract." Miyler v. Village of East Galesburg, 512 F.3d 896, 898 (7th Cir.2008). Defendants further argue that the wording of Plaintiff's employment contract merely set a schedule of rates of pay for the 2010-2011 school year and does not constitute an intent to employ her for that period. As the Magistrate notes, setting compensation in terms of a monthly or annual salary generally does not overcome a presumption of at-will employment under Illinois law. *See* Mann v. Ben Tire Distributors, Ltd., 89 Ill.App.695, 697, 411 N.E.2d 1235, 1236 (Ill.App. 4th Dist. 1980). However, as further noted in the Report and Recommendation, at this stage the allegations must be read in the light most favorable to the Plaintiff and accordingly the Magistrate accurately interpreted these terms to be sufficient. As noted, these terms could express an intent to employ Plaintiff for a stated period of time or some other intent, such as Defendants argue, that it was simply a pay rate schedule. Regardless, the Magistrate's interpretation of the contract comports with relevant law and he accurately found that when read in the light most favorable to the Plaintiff, the allegations are sufficient to state a property interest in her employment.

Defendants next argue that the District did not take any adverse action denying Plaintiff her property without due process. At issue here is whether Dean's resignation was truly voluntary or whether the voluntariness of the resignation was sufficiently vitiated by coercion or some other external factor. Here, the Magistrate noted that the a person who is forced to resign

is in the same position as one who is discharged. Piper v. Board of Trustees of Community College Dist. No. 514, 99 Ill.App.3d 752, 757, 426 N.E.2d 262, 265 (Ill. App. 4th Dist. 1981). At this stage in the proceedings, reading the allegations most favorable to Dean, an adverse action was taken against her when she was forced to resign.

Lastly, Defendants argue that Lisa Parker is not a policy making agent of the district. As the Magistrate noted, final policy making authority is determined by state law. Kujawski v. Board of Com'rs of Bartholomew County, Ind., 183 F.3d 734, 737 (7th Cir.1999). Also, as noted, final policymaking authority may be delegated. Id, at 737. Here, the allegations state that Lisa Parker had policymaking authority "on the matters for which she is assigned responsibility". The Court agrees with the Magistrate's finding that the factual content here is thin, but that evidence is sufficient for purposes of this Motion to allege a basis for municipal liability. Accordingly, the Court agrees that Dean has stated a due process claim against the District.

## Conclusion

The Court, having reviewed the Report and Recommendation along with objections by Defendants, accepts the recommendations of Magistrate Cudmore.


ENTERED: February 28, 2012                    /s/ James E. Shadid
                                              James E. Shadid
                                              United States District Judge